**William D. BOGGESS et al., Plaintiffs,**

v.

**Jack R. HOGAN, etc., as Executors, et al., Defendants.**

**No. 69 C 2267.**

United States District Court, N. D. Illinois, E. D.

March 15, 1976.

James P. Chapman, William J. Harte, Kevin M. Forde, James R. Madler, Chicago, Ill., for plaintiffs Boggess, Ness and Collins and the plaintiff class.

Robert S. Atkins, Freeman, Freeman & Atkins, Ltd., Chicago, Ill., for plaintiff objectors, Glenn Greenwood, Amy Greenwood, Ruth Greenwood, and Florence Green.

Arthur T. Susman, Prins, Flamm & Susman, Ltd., Chicago, Ill., for Class member objectors, Louis R. Miller, Jean Russell Miller, Lois Russell Mello and Ogda Russell Nelson.

Thomas A. Reynolds, Jr., Richard Williams, III, Kurt L. Schultz, Winston & Strawn, Chicago, Ill., for defendants, Walter H. Lenhard, Jr., Teledyne, Inc., Teledyne Financial Corp., and Unicoa Corp.

Keith F. Bode, Arthur M. Martin, Jenner & Block, Chicago, Ill., for the executors of the estates of defendants O. T. Hogan and Almore H. Teschke.

Samuel H. Shapiro, Stephen C. Shamberg, Friedman & Koven, Chicago, Ill., for the executors of the estate of defendant O. T. Hogan.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the petition of Glenn Greenwood, Amy Greenwood, Ruth Greenwood and Florence Green (Greenwood plaintiffs) for payment of fees to reimburse their expert Milton L. Meigs. For the reasons hereinafter stated, the petition shall be denied.

This litigation was initially proposed for settlement in 1974. Class counsel were repeatedly advised by Glenn Greenwood that the Greenwood plaintiffs agreed to the terms of the compromise and notices were accordingly mailed to the shareholder class. At the settlement hearing in November 1974, however, the Greenwood plaintiffs voiced objections to the compromise. Discovery was permitted, additional hearings were held, and the agreement was approved by this court as initially proposed.

Petitioners assert that as class plaintiffs they are entitled to reimbursement of this expense from the settlement fund. It is argued that they assumed fiduciary duties to absent class members and therefore felt compelled to employ an expert to fulfill these duties and to inform the court as to the adequacy and reasonableness of the proposed settlement. It is further asserted that even objectors should be entitled to recompense when, as here, the services proved of value in reaching a decision on the proposed compromise.

█ The court agrees generally with petitioners' assertion that plaintiffs in class and derivative actions are forever fiduciaries to absent members. However, as this proposition is intended to protect the class not to penalize it, the court is of the opinion that it is not applicable here. The Greenwood plaintiffs did in fact approve the settlement as being in the best interests of those they represented. At a later point, this position changed and the Greenwood plaintiffs put on the mantle of objectors. In effect, the interests of the Greenwood plaintiffs became the interests of class members not of class representatives.

█ Petitioners' reliance on *Saylor v. Lindsley*, 456 F.2d 896 (2d Cir. 1972), is misplaced. In the cause before this court, the Greenwood plaintiffs approved the proposed settlement agreement before it was submitted to the shareholders. Thereafter they requested and received from class counsel permission to object. This cause was thus not settled "over the head of the complaining plaintiffs." It was settled with their permis-

sion and assent only to be challenged at a later time before this court.

Petitioners further assert, that as objectors, they are entitled to reimbursement for their expert's charges. While reimbursement to objectors may in some exceptional circumstances be equitable, such is not the situation here. The opposition was not constructive and meritorious nor was the court materially benefited in its understanding of the facts and issues involved.

It is therefore ordered that the Greenwood petition for reimbursement of expert's fees shall be, and the same hereby is, denied.